IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ DE LA CRUZ VARGAS-VARGAS,

Petitioner,

v.

GARRET J. RIPA, ET AL.,

Defendants.

CIV. NO.: 26-1576 (SCC)

**OPINION AND ORDER**

Pending before the Court is Petitioner José de la Cruz Vargas-Vargas' ("Mr. Vargas-Vargas") Petition for Writ of Habeas Corpus (the "Petition"), Docket No. 1, and Emergency Motion for Temporary Restraining Order (the "TRO"), Docket No. 2. For the reasons set forth below, the Court **GRANTS** the TRO and **HOLDS IN ABEYANCE** the Petition. Further, the Court hereby **ORDERS** that the Government, including its agencies, and employees shall not transfer Mr. Vargas-Vargas outside of the jurisdiction of Puerto Rico so that he can be afforded a bond hearing before an Immigration Judge under the Department of Justice's Executive Office for Immigration Review ("EOIR") in Puerto Rico.

## I. BACKGROUND

Mr. Vargas-Vargas "is a citizen and national of the Dominican Republic." Docket No. 1, pg. 1. He entered the United States back in 2008 "without being inspected or paroled." *Id.* Since then, he has been living in Puerto Rico and married a United States citizen, Ms. Leilany Rodríguez-Capo ("Ms. Rodríguez-Capo"). *Id.* Ms. Rodríguez-Capo filed a "Petition for [Noncitizen] Relative," with the United States Citizenship and Immigration Services ("USCIS") on Mr. Vargas-Vargas' behalf. *Id.* The same was approved on March 3, 2023. *Id.*

On September 1, 2026, Mr. Vargas-Vargas was detained by law enforcement agents during an apparent immigration-related enforcement operation at his place of work. *Id.* at pg. 6. Since then, he has been detained at the GSA Guaynabo Detention Center *Id.* Further, he has reportedly been denied a bond hearing. Docket No. 2, pg. 2. Mr. Vargas-Vargas, however, argues that he should be afforded a bond hearing because his detention falls under 8 U.S.C. § 1226. *Id.* After all, he posits, he "is prima facie eligible to pursue [c]ancellation of [r]emoval under INA § 240A(b), should removal proceedings continue." Docket No. 1, pg. 2.

On September 4, 2026, Mr. Vargas-Vargas filed the Petition. *Id*. There, he claims that his detention violates his substantive and procedural due process rights under the Fifth

Amendment to the United States Constitution. *Id.* at pgs. 6-7. He also seeks a TRO prohibiting his transfer out of the District of Puerto Rico until he receives a bond hearing and his Petition is adjudicated. Docket No. 2.

## II. Standard of Review

Federal Rule of Civil Procedure 65(b) controls the issuance of a TRO, which may be issued *ex parte* and is of limited duration since it may remain in effect for up to 14 days. *See* Fed. R. Civ. P. 65(b).[1] However, like a preliminary injunction, a TRO is "an extraordinary and drastic remedy that is never awarded as of right." *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). In order for a court to grant a TRO, a plaintiff "'must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest.'" *Id.* at 9 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).[2] The movant "bears the burden of

[1] Rule 65(b)(2) empowers the Court to extend the duration of the TRO "for a like period or [if] the adverse party consents to a longer extension." *See* Fed. R. Civ. P. 65(b)(2).

[2] Rule 65(c) instructs "the movant [to] give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, the Court will not order Mr. Vargas-Vargas to do so

establishing that these four factors weigh in its favor." *Esso Standard Oil Co. (Puerto Rico) v. Monroig-Zayas*, 445 F.3d 13, 18 (1st Cir. 2006) (citing *Nieves-Márquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)).

## III. ANALYSIS

### a. Likelihood of Success on the Merits

The INA empowers the Government to detain certain noncitizens, either on a mandatory or discretionary basis. Two statutory provisions control this process: 8 U.S.C. §§ 1225 and 1226. Section 1225 governs the detention of noncitizens "who are applicants for admission or otherwise seeking admission" to the United States. *Id.* § 1225(a)(3). Under Section 1225, if a noncitizen is deemed inadmissible "the [noncitizen] shall be detained for a [removal] proceeding under section 1229a." *Id.* § 1225(b)(2)(A).

In contrast, Section 1226 "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodríguez Díaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Noncitizens who are "arrested and detained pending a decision on [their] remov[al]" face three discretionary outcomes as to their

---

here. *See Int'l Assoc. of Machinists and Aerospace Workers v. E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) (recognizing the existence of "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond").

detention: the Attorney General "may continue to detain the arrested [noncitizen]"; "release the [noncitizen] on bond of at least $1,500"; or "release the [noncitizen] on conditional parole." 8 U.S.C. § 1226(a). However, if a noncitizen is involved in specific enumerated criminal activities, their detention is mandatory. *Id.* § 1226(c)(1). Importantly, unlike Section 1225, "noncitizens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing." *Brito v. Garland*, 22 F.4th 240, 244 (1st Cir. 2021); *see also Rodríguez Díaz*, 53 F.4th at 1202 (noting that Section 1226(a) provides "extensive procedural protections [such as] an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change").

Here, Mr. Vargas-Vargas concedes he entered the United States without authorization in 2008. Docket No. 1, pg. 1. And he contends that the arrest and detention at issue occurred in Puerto Rico. *Id.* at pgs. 1, 6. Given that Section 1226(a) governs the detention of noncitizens who are arrested and detained while residing in the United States, and Mr. Vargas-Vargas has represented that he has no criminal history of violence, Docket No. 1, pg. 2, which could otherwise subject him to the mandatory detention exception, at this time, the Court finds that its discretionary detention

regime is applicable here.

As noted, Section 1226(a) entitles a noncitizen to an initial bond hearing, during which the Government bears the "burden of proving either dangerousness or flight risk in order to continue detaining [the noncitizen]." *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021). The Court acknowledges the Board of Immigration Appeals' ("BIA") decision in the *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–28 (BIA 2025). There, the BIA held that Immigration Judges lack jurisdiction to consider a bond request filed by noncitizens who are present in the United States without admission. However, district courts have routinely rejected *Matter of Yajure Hurtado*'s interpretation and upheld the right to a bond hearing under circumstances akin to those of Mr. Vargas-Vargas. *See, e.g., Sampiao v. Hyde*, 799 F. Supp. 3d 14, 29 n.11 (D. Mass. 2025); *Elias Escobar v. Hyde*, No. 25-CV-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Lora-Salazar v. Ripa*, No. 26-CV-1014 (D.P.R. Jan. 13, 2026) (Docket Nos. 5, 13); *González-Rucci v. González-Ramos*, No. 26-CV-1045 (D.P.R. Jan. 29, 2026) (Docket No. 12). Importantly, earlier this month, the First Circuit, in *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026), held that Section 1226 governs the detention of "noncitizens" in a position like Mr. Vargas-Vargas, "who are present in the United States without admission[.]"

Mr. Vargas-Vargas therefore has shown that he is entitled to a bond hearing, because it falls under the purview of Section 1226, not Section 1225. Accordingly, the Court finds that he has demonstrated a strong likelihood of success on the merits.

**b. Irreparable Harm**

"[An] injunction should issue only where [it is] essential in order effectually to protect [] rights against injuries otherwise irremediable." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). Here, the "irremediable" harm would be threefold: detention; removal from this Court's jurisdiction pending the habeas corpus proceedings; and the subsequent consequences that such removal would have on Mr. Vargas-Vargas' person and rights. Without a bond hearing, Mr. Vargas-Vargas faces a potentially prolonged period of detention, depriving him of his liberty. As such, the Court finds this factor weighs in Mr. Vargas-Vargas' favor.

**c. Balance of Equities and Public Interest**

The remaining TRO factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). The First Circuit has repeatedly held that where, as here, the Government is likely acting contrary to the plain text of federal law, the balance of equities weighs against it. *See New York v. Trump*, 133 F.4th 51, 71 (1st Cir.

2025); *New Jersey v. Trump*, 131 F.4th 27, 40–41 (1st Cir. 2025). Relatedly, it is well-settled that "there is generally no public interest in the perpetuation of unlawful agency action." *Rhode Island v. Trump*, 155 F.4th 35, 50 (1st Cir. 2025). In conclusion, the Court finds that the remaining factors also weigh in Mr. Vargas-Vargas' favor.

## IV. CONCLUSION

In sum, this Court **GRANTS** the TRO and **HOLDS IN ABEYANCE** the Petition. This Court **ORDERS** that the Government shall not transfer Mr. Vargas-Vargas outside of Puerto Rico and that he be granted a bond hearing before an Immigration Judge on or before **September 18, 2026**. The Government shall inform by **September 21, 2026** (within 14 days of the issuance of this Opinion and Order) whether such bond hearing has been held and its outcome. To be clear, this Order grants only temporary injunctive relief and does not adjudicate the merits of the Petition.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of September 2026.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE